**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

WEIGHTPACK, INC.,
    Plaintiff,

        v.                                                 Civil Action No. 3:16-cv-00271 (REP)

GIUSEPPE MARANNANO,
*et al.*,
    Defendants.

## MEMORANDUM OPINION

This matter was referred to the undersigned for resolution of *pro se* litigant Susan Marannano's Request for Judicial Intervention – Release and Settlement Agreement (ECF No. 30 ("Request for Judicial Intervention")) and a Motion to Dismiss for Failure to State a Claim (ECF No. 37 ("Motion to Dismiss")) filed by Weightpack, Inc. ("Weightpack"). (ECF No. 48.) Having reviewed the Request for Judicial Intervention, the Motion to Dismiss, the accompanying memoranda, and all supporting documentation therein, the Request for Judicial Intervention (ECF No. 30) is DENIED without prejudice. The Motion to Dismiss (ECF No. 37) is GRANTED in part, to the extent that it asks the Court to deny the Request for Judicial Intervention, and DENIED in part, without prejudice, to the extent that it seeks attorney's fees and costs.

### I.     JURISDICTION

On June 26, 2024, Susan Marannano filed the Request for Judicial Intervention, alleging that Weightpack violated the settlement agreement previously reached in this matter. (ECF No. 30.) On August 6, 2024, Senior United States District Judge Robert E. Payne entered an Order directing the parties to file position statements regarding whether they agreed to submit this dispute to the undersigned. (ECF No. 31.) Thereafter, the parties filed their respective position statements,

consenting to Magistrate Judge jurisdiction over the matter.[1] (ECF Nos. 33, 36.) Accordingly, the matter was referred to the undersigned for resolution. (ECF No. 48.)

## II. BACKGROUND

On November 16, 2016, the parties participated in a judicial settlement conference before United States Magistrate Judge David J. Novak and entered into a "Memorandum of Understanding Regarding Settlement Agreement" to settle the underlying claims asserted in Weightpack's Complaint (ECF No. 1) and the Marannanos' Counterclaim (ECF No. 4). (ECF No. 34 at 6.) Following the settlement conference, the parties executed a "Release and Settlement Agreement" [hereinafter, "the Settlement Agreement"], which provided, *inter alia*, that:

> The parties authorize their respective counsel to file a Stipulation of Dismissal, with prejudice except that the Court shall retain jurisdiction to enforce the terms of this Agreement and any arbitration award resulting from a breach of this Agreement. Pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Stipulation of Dismissal shall explicitly reserve such jurisdiction in this Court. Any disputes arising out of or relating to this Agreement or the Memorandum of Understanding Regarding Settlement Agreement shall be submitted to U.S. Magistrate Judge David J. Novak for binding arbitration, with the prevailing party awarded its costs to include reasonable attorney's fees.

(ECF No. 34 at 14-15 ¶ 19.)[2] Accordingly, the parties filed a Stipulation of Dismissal on December 8, 2016, which explicitly provided that "any disputes concerning any settlement agreements in this matter shall be submitted to binding arbitration before Magistrate Judge David J. Novak of the United

---

[1] Notably, counsel previously of record for Giuseppe Marannano and Susan Marannano filed a letter, wherein he stated that his legal "representation of the Marannanos ended when this case was dismissed in 2016" and he has not been retained, nor does he currently represent, the Marannanos in the present action. (ECF No. 32.) Likewise, Weightpack's counsel in the underlying case filed a letter confirming that his legal representation also ended when the case was dismissed, but that he understood Weightpack to be represented currently by newly retained counsel. (ECF No. 35.)

[2] On February 24, 2025, the Court granted Weightpack's Motion to Seal (ECF No. 39) the parties' Settlement Agreement and Memorandum of Understanding Regarding Settlement Agreement (ECF Nos. 34, 41). (ECF No. 50.)

States District Court for the Eastern District of Virginia, Richmond Division." (ECF No. 29.) The Court entered the Dismissal Order on the same day, and the case was closed. (ECF No. 29.)

On June 26, 2024, Susan Marannano filed the Request for Judicial Intervention alleging an "unresolved monetary dispute between the parties" and seeking "relief by way of a summary judgment, or in the alternative an arbitration hearing to resolve this dispute." (ECF No. 30 at 3.) In particular, she claims that the part of the Settlement Agreement which provided that her husband, Giuseppe Marannano, would transfer his entire share of ownership in Weightpack Holding, Limited to Weightpack Holding, Limited's shareholders in exchange for their monetary value "remains an incomplete transaction." (ECF No. 30 at 2.) In response, Weightpack filed the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 37.) In its Supporting Memorandum, Weightpack argues that Susan Marannano lacks Article III standing to file the Request for Judicial Intervention on behalf of her husband because she is not a licensed attorney, "nor does she herself claim an injury in fact." (ECF No. 38 at 2 n.1.) Weightpack adds that even if Susan Marannano had a justiciable claim, it is barred by Virginia's statute of limitations for breach of a written contract pursuant to Virginia Code Section 8.01-246(2). (ECF No. 38 at 5.)

On July 26, 2024, Susan Marannano filed a Response to the Motion to Dismiss, arguing that: (1) arbitration must determine the outcome of the Motion to Dismiss; (2) she has suffered an injury in fact, sufficient for her to bring this action, as "[i]njury to a spouse is equal to the injury suffered by their spouse[;]" and (3) the statute of limitations is inapplicable because the Settlement Agreement fails to specify a timeframe by which disputes related to it must be submitted for binding arbitration. (ECF No. 43.) In its Reply brief, Weightpack maintains, *inter alia*, that Susan Marannano failed to show that she has suffered injury in fact in a "concrete and particularized" manner, and she "may not and cannot assert the rights of Defendant, Giuseppe Marannano" on the basis that she is his spouse. (ECF No. 44 at 3, citing *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1548 (2016).)

On August 5, 2024, Giuseppe Marannano filed an Affidavit *pro se*, wherein he stated that "[o]n June 26, 2024, with my permission and on my behalf, my wife submitted a Request for Judicial Intervention." (ECF No. 47.)

### III.   DISCUSSION

For the reasons that follow, the Court finds that Susan Marannano does not have Article III standing to bring the asserted enforcement action because she does not allege any injury of her own and has failed to allege a sufficient basis that would give her standing to bring the claim as alleged. In addition, as Susan Marannano is proceeding *pro se* and is not a licensed attorney, her representation of Giuseppe Marannano's interests would constitute the unauthorized practice of law. Accordingly, this action will be DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**A. Susan Marannano Lacks Standing to Bring the Present Cause of Action.**

As a threshold matter, *pro se* pleadings are required to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction "does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *James v. Wright*, No. 2:20-cv-4228-TMC-SVH, 2020 WL 8083879, at *1 (D.S.C. Dec. 11, 2020) (citing *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990)). Because Susan Marannano is proceeding *pro se*, the Court will assess the Request for Judicial Intervention in conformance with these requirements.  In doing so, the Court construes the Request for Judicial Intervention as a Motion to Enforce the Settlement Agreement, over which the Court retains jurisdiction pursuant to the December 8, 2016 Dismissal Order. (*See* ECF No. 29.)

The Motion to Dismiss asks the Court to dismiss the Request for Judicial Intervention on two grounds: (1) Susan Marannano lacks Article III standing to bring the instant action; and (2) even if she had a justiciable claim, it is barred by Virginia's statute of limitations for breach of a written contract. (ECF No. 38.) Though raised as a 12(b)(6) motion, Article III standing is "generally associated with Civil Procedure Rule 12(b)(1) pertaining to subject matter jurisdiction." *CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011); *Pitt County. v. Hotels.com, L.P.,* 553 F.3d 308, 311 (4th Cir. 2009) (noting that the district court re-characterized a defendant's challenge to standing from a motion to dismiss under 12(b)(6) for failure to state a claim to a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1)). Accordingly, the Court construes Weightpack's arguments in accordance with Civil Procedure Rule 12(b)(1).

For a case or controversy to be justiciable in federal court, a party must allege "such a personal stake in the outcome of the controversy as to warrant [her] invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf." *White Tail Park, Inc. v. Stroube,* 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Planned Parenthood of S.C. v. Rose,* 361 F.3d 786, 789 (4th Cir. 2004)). The judicial doctrine of standing is "an integral component of the case or controversy requirement" and prerequisite to a court's proper exercise of subject matter jurisdiction. *CGM, LLC,* 664 F.3d at 52. To establish Article III standing, the party seeking to invoke jurisdiction must establish three elements:

> (1) an injury in fact (i.e., a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation (i.e., a 'fairly . . . trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is 'likely' and not merely 'speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Sprint Commc'ns Co., L.P. v. APCC Serv., Inc.,* 554 U.S. 269, 273–74 (2008) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). An injury in fact is the "[f]irst and foremost" of standing's three elements. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To satisfy

the injury in fact requirement, the complainant must allege an injury to herself that is "distinct and palpable, as opposed to merely abstract." *Beck v. McDonald*, 848 F.3d 262, 271 (4th Cir. 2017) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The burden of establishing standing falls on the party claiming subject-matter jurisdiction. *Lujan*, 504 U.S. at 561.

In her Response to the Motion to Dismiss, Susan Marannano argues that she is authorized to proceed in this action "[s]ince a husband and wife relationship exists, [and] their injury is one in the same and equally shared." (ECF No. 43 at 1.) However, she has not cited, and the court is unaware of, any authority that would allow her to claim Giuseppe Marannano's alleged injury in fact as her own on the basis of their marital relationship. Paragraph 3 of the Settlement Agreement—the operative part of the instant action—outlines the parties' respective duties pertaining to the conveyance of the ownership interest in dispute. (ECF No. 41 at 5 ¶ 3.) This provision provides that: "Giuseppe Marannano agrees to convey his 12.5% stock interest in WeightPack Holding, Ltd. (UK) to WeightPack Holding Ltd.'s shareholders directly, forthwith, at the same value that they were exchanged for." (*Id.*) While Susan Marannano is a named party to the Settlement Agreement, this provision names Giuseppe Marannano alone and provides that he "agrees to convey *his* stock interest." (*Id.* (emphasis added)) The provision makes no reference to Susan Marannano or any interest she may have in connection with Giuseppe Marannano's agreement to convey his stock interest holdings to Weightpack's shareholders. Thus, Susan Marannano fails to allege a "concrete and particularized" invasion of a "legally protected interest" of her own, sufficient to demonstrate that she is a real party of interest who has suffered an injury in fact. *Lujan*, 504 U.S. at 560.

Moreover, the Fourth Circuit has considered and rejected the right of individuals to litigate *pro se* on behalf of others. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020). "The right to litigate for *oneself* does not create a coordinate right to litigate for *others*." *Myers v. Loudon County Public Schools,* 418 F.3d 395, 400 (4th Cir. 2005) (denying the right of parents to litigate the

6

claims of their minor children in federal court). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding a *pro se* prisoner unassisted by counsel cannot be an advocate for others); *Estate of Williams-Moore v. Alliance One Receivables Mgmt, Inc.*, No. 1:03-cv-899, 2005 WL 8166227, at *7 (M.D.N.C. Nov. 22, 2005) ("[plaintiff's] role as surviving spouse alone does not grant him standing to sue to enforce [plaintiff's wife's] rights"); *Mills v. Greenville County*, 586 F.Supp.2d 480, 483 (D.S.C. 2015) (holding inmate's non-lawyer mother, proceeding *pro se*, did not have standing to bring civil rights action on her son's behalf). "Allowing individuals to represent themselves *pro se* 'reflects a respect for the choice of an individual citizen to plead his or her own cause,' but so does the bar preventing individuals without legal expertise from representing others." *Wojcicki*, 947 F.3d at 244 (quoting *Myers*, 418 F.3d at 400).

Here, Giuseppe Marannano did not move to enforce the terms of the Settlement Agreement. Rather, he maintains that his wife, Susan Marannano, filed the present action "with [his] permission and on [his] behalf . . . ." (ECF No. 47.) Indeed, the Request for Judicial Intervention states that "[t]he defendants, Giuseppe and Susan Marannano hereby request relief . . . to resolve this dispute[,]" but is signed and filed only by Susan Marannano. (ECF No. 30.) Following this filing, the parties submitted letters consenting to the undersigned's jurisdiction over the resolution of the Request for Judicial Intervention, wherein Susan Marannano certified that she was proceeding *pro se*. (ECF No. 33-1.) Though Giuseppe Marannano signed Susan Marannano's letter, he had not signed the underlying Request for Judicial Intervention, nor has he filed a Response to Weightpack's Motion to Dismiss. (ECF Nos. 30, 43.) Moreover, his Affidavit unequivocally states that Susan Marannano filed the present action on his behalf. (ECF No. 47 at 1.) Accordingly, the record shows that Susan Marannano improperly litigated this action on behalf of Giuseppe Marannano on a *pro se* basis, and, because she is not a licensed attorney, her continued representation of Giuseppe Marannano in this regard would constitute the unauthorized practice of law.

Therefore, without any factual allegations to suggest that Susan Marannano personally suffered any injury in fact, the Court concludes that Susan Marannano lacks standing to bring the asserted claim. Because "standing is an integral component of the case or controversy requirement," the Court further concludes that it lacks jurisdiction over this action and that dismissal is warranted under Federal Rule 12(b)(1). *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir.2006).

### B. Weightpack's Request for Attorney's Fees and Costs is Denied Without Prejudice.

Weightpack's request for attorney's fees and costs is denied because the Settlement Agreement does not provide for such relief absent binding arbitration, and the Court is constrained by the four corners of the Settlement Agreement itself when considering whether Weightpack is entitled to attorney's fees and costs for defending the present action.

As a general rule, each litigant bears the expense of his or her own attorneys' fees absent a contrary rule of court or express statutory or contractual authority for recovery. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999). Here, the parties' Settlement Agreement provides that "any disputes arising out of or relating to" the Settlement Agreement or the Memorandum of Understanding "shall be submitted . . . for binding arbitration, with the prevailing party awarded its costs to include reasonable attorney's fees." (ECF No. 34 at 15 ¶ 19.) Thus, the parties expressly agreed that the prevailing party in a binding arbitration shall be awarded its costs and attorney's fees. (*See id.*)

However, for the reasons already stated, no such arbitration has occurred, namely because Susan Marannano lacks Article III standing to enforce the Settlement Agreement on Giuseppe Marannano's behalf and the Court does not have subject matter jurisdiction over her asserted claim. Should a party in this matter proceed with filing a justiciable motion seeking binding arbitration for a dispute arising under the Settlement Agreement, the language in the Settlement Agreement plainly provides a mechanism for the prevailing party to recover costs and attorney's fees. Therefore, the

8

parties are admonished that future filings may be construed as such a motion subject to the Settlement Agreement's fee-shifting provision.

## IV.    CONCLUSION

Because the Court holds that Susan Marannano lacks Article III standing, the Court need not address Weightpack's remaining arguments supporting its Motion to Dismiss on the basis that the allegations are time-barred. For the reasons set forth above, the Request for Judicial Intervention – Release and Settlement Agreement (ECF No. 30) is DENIED without prejudice, and the Motion to Dismiss (ECF No. 37) is GRANTED in part and DENIED in part without prejudice.

Let the Clerk file this Memorandum Opinion electronically, notify all counsel of record and *pro se* litigant Susan Marannano, and send a copy to Senior United States District Judge Robert E. Payne.

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

Richmond, Virginia
Date: February 26, 2025