IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


WEIGHTPACK, INC.,

    Plaintiff,

v.                                  Civil Action No. 3:16cv271

GUISEPPE MARANNANO,
et al.,

    Defendants.


**MEMORANDUM ORDER**

This matter is before the Court on the REPORT AND RECOMMENDATION (ECF No. 65) and PLAINTIFF WEIGHTPACK, INC.'S OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 66). For the reasons that follow, the Court adopts the REPORT AND RECOMMENDATION (ECF No. 65) as its decision in this case and overrules the objection to the REPORT AND RECOMMENDATION filed by Weightpack.

The REPORT AND RECOMMENDATION concludes that the parties previously settled a dispute that was pending in this Court and, in so doing, executed a valid Settlement Agreement that includes a valid arbitration clause (Settlement Agreement, ¶ 19). There is no contest as to the validity of the arbitration agreement or to its enforceability. Hence, the REPORT AND RECOMMENDATION

properly concluded that "the Settlement Agreement contains a valid and enforceable arbitration clause."

The REPORT AND RECOMMENDATION then examined whether the present dispute falls within the subject matter of the arbitration clause and concluded that the dispute "relates to whether Weightpack has met its obligation to pay Mr. Marannano value for the transfer of shares pursuant to paragraph 3 of the Settlement Agreement." The REPORT AND RECOMMENDATION observes that Weightpack does not challenge the substance of Mr. Marannano's claim. Instead, Weightpack focuses on the statute of limitations. Thus, the REPORT AND RECOMMENDATION correctly finds that the present dispute (which involves Weightpack's obligations arising out of the Settlement Agreement) is subject to the arbitration clause in the Settlement Agreement.

Then, applying settled legal principles, the REPORT AND RECOMMENDATION concludes that the arbitrator should decide whether the claim is barred by the statute of limitations defense that is presented in the Motion to Dismiss (ECF No. 58), the sole basis for which is whether the claim is barred by the statute of limitations. The REPORT AND RECOMMENDATION further correctly holds that whether the claim is barred by the statute of limitations is reserved for arbitration by the arbitrator.

2

Therefore, in all respects, the REPORT AND RECOMMENDATION is correct and the Court adopts the REPORT AND RECOMMENDATION as its opinion herein.

Weightpack's objection is rather confusing. It seems to complain that the Magistrate Judge made a dispositive ruling on the Motion to Dismiss (ECF No. 58) and that, therefore, the REPORT AND RECOMMENDATION was beyond the scope of what a Magistrate Judge can decide (absent consent). That position fundamentally misapprehends the facts and the role of a Report and Recommendation which, of course, makes no dispositive ruling at all. The REPORT AND RECOMMENDATION merely assesses the merits of the Motion to Dismiss and recommends a disposition to the District Judge. It is the District Judge who makes the final disposition (whether to grant the Motion to Dismiss). Accordingly, to the extent that the objection is based on the theory that the REPORT AND RECOMMENDATION is a final disposition (which it is not), that ground of objection is utterly without merit, and is overruled.

The objection then states: "Plaintiff objects to the Report's recommendation that Defendant Giuseppe Marannano's Motion to Compel Arbitration (ECF No. 55) be granted on the grounds stated in Plaintiff's prior filings in this matter." (ECF No. 66, p. 2) That is an utterly improper objection. The Magistrate Judge has made a Report and Recommendation and, if there is an objection to

3

it, the objection must be particularized and linked to the substance of the Report and Recommendation (in this instance to the part of the REPORT AND RECOMMENDATION recommending that the District Court grant the MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SUBMIT TO BINDING ARBITRATION (ECF No. 55). And, to be valid, the objection must identify the particular holding in the REPORT AND RECOMMENDATION made to which objection is taken and must identify the particular error which is the predicate of the objection. It is not permissible simply vaguely to refer to unidentified previously filed pleadings and expect the Court to rummage through them and find what aspect of the REPORT AND RECOMMENDATION is somehow thought to be in error. For that reason, whatever objection is intended by reference to the "Plaintiff's prior filings" is overruled.

In any event, apart from the motion to dismiss under Rule 12(b)(6) (ECF No. 58), the only other filing made by Weightpack is the PLAINTIFF'S RESPONSE TO DEFENDANT GIUSEPPE MARANNANO'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SUBMIT TO BINDING ARBITRATION (ECF No. 57) in which Weightpack asserts the statute of limitations. As discussed above, the REPORT AND RECOMMENDATION recommends referring that issue to the arbitrator and that will be done.

The Settlement Agreement provides that "[a]ny disputes arising out of, or relating to, this Agreement or the Memorandum of Understanding Regarding Settlement Agreement shall be submitted to U.S. Magistrate David J. Novak for binding arbitration, with the prevailing party awarded its costs to include reasonable attorney's fees." Then Magistrate Judge Novak is now a United States District Judge. He has agreed to arbitrate the dispute. Of course, the parties can always agree to arbitration by another Magistrate Judge. Failing such an agreement, Judge Novak will attend to the arbitration. By March 2, 2026, the parties shall file Statements of Position advising whether they wish to have another Magistrate Judge preside over the arbitration, instead of District Judge Novak.

For the foregoing reasons, it is hereby ORDERED that the Court adopts the REPORT AND RECOMMENDATION (ECF No. 65) as its own; and (1) overrules the plaintiff's objection (ECF No. 66); (2) grants the MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SUBMIT TO BINDING ARBITRATION (ECF No. 55); and (3) denies the plaintiff's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (ECF No. 58) without prejudice so that the arbitrator can decide the issue therein raised (the bar of the statute of limitations).

5

The Clerk is directed to send a copy of this Memorandum Order to United States District Judge David J. Novak and United States Magistrate Judge Mark R. Colombell.

It is so ORDERED.

/s/ Robert E. Payne
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 24, 2026

6